MELINDA HARMAN v. ELIZABETH HANN et als.

PRACTICE. *How title divested out of heirs where land sold under order issued after death of judgment debtor.* The levy of an execution upon land confers no title upon the sheriff, but fixes a lien upon it as the subject out of which the money claimed in the execution is to be made. A sale, therefore, of land by a sheriff under a *venditioni exponas,* issued after the death of the judgment debtor, without revivor against the heirs, is void. The title in such a case descends to his heirs, subject to the lien of the levy, and can only be divested out of them by *scire facias* or bill in chancery.

Cases cited: Overton v. Perkins, 10 Yer., 328; Stockard v. Pinkard, 6 Hum., 119.

FROM GILES.

From the Chancery Court at Greeneville. H. C. SMITH, Chancellor.

PETTIBONE and ROBINSON for complainant.

A. B. WILSON for respondent.

NICHOLSON, C. J., delivered the opinion of the court.

This case turns upon the question, whether a purchaser of land sold under *venditioni exponas* by the sheriff, issued after the death of the judgment debtor, without *scire facias* to revive against his heirs, obtains any title. This has not been an open question in this State since the case of *Overton* v. *Perkins*, 10 Yer., 328. No title is vested in the sheriff by levy on land, and its only effect is to fix upon the particular tract levied on as the subject out of which the sum claimed in the execution is to be raised. The title to land descends to the debtor's heirs, encumbered with the lien fixed upon it by the levy, but this title can only be divested out of them by bringing into court by *scire facias* or by bill in Chancery. A sale by the sheriff under a *venditioni exponas* issued after the death of the debtor, without bringing the heirs into court, is absolutely void and communicates no title to the purchaser: *Stockard* v. *Pinkard*, 6 Hum., 119.

The Chancellor so held, and his decree is affirmed with costs.

The decree will be executed by the clerk of this court.